**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA**
    Plaintiff

    v.                                                                              Civil No. 04-1280(SEC)

**COMERIO AMBULANCE SERVICES, ET AL**
    Defendant(s)

## MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION[1]

**A.    Procedural Background**

On April 1, 2004, the United States filed this action under the False Claims Act, 31 U.S.C. §3729 <u>et seq</u>., and common law to recover damages and civil penalties from the defendants' false claims made in violation of federal and common law in the course of providing ambulance services billed to and paid for by the MEDICARE program (**Docket No. 1**). Angel M. Santiago-Berrios (hereinafter Santiago-Berrios), was personally served with copy of the summons and complaint on April 15, 2004 (**Docket Nos. 9 and 10**). On May 11, 2004, default was entered as to said co-defendant for failure to file a responsive pleading in this case (**Docket No. 5**). However, this default was set aside by this court on May 18, 2004 (**Docket No. 12**). On February 25, 2005, the Court entered an Order instructing co-defendants to answer the complaint by March 17, 2005 or face the entry of default (**Docket No. 18**). Co-defendant Jesús M. Sánchez filed his Answer to the Compliant on March 23, 2005 (**Docket No. 19**). However, Santiago-Berrios failed to plead or otherwise defend in this case. On April 19, 2005, the United States requested the entry of default against co-defendant Santiago-Berrios for failure to appear, answer, plead, or otherwise defend, under Rule 55 of the Federal Rules of Civil Procedure

---

[1] Though plaintiff has consented to the trial jurisdiction of this Magistrate-Judge; in adhering to procedural requirements and safeguards, being defendant Santiago-Berrios in default, and thus absent unequivocal and clear consent from defendant to the trial jurisdiction of this Magistrate-Judge, the controversy submitted is disposed of my means of a Report and Recommendation.

(**Docket No. 21**). On May 20, 2005, this Court entered the default of co-defendant Santiago-Berrios (**Docket No.** 24).

The court has jurisdiction over this matter pursuant to 28 U.S.C. §1345 and its general equitable jurisdiction.

We have before us a Motion for Entry of Judgment by Default as to co-defendant Santiago-Berrios filed by the United States of America. It appearing from the evidence on record that default was entered upon co- defendant Santiago Berrios' failure to answer or otherwise plead in this case, and upon review of the allegations contained in the Complaint and in the Motion for Entry of Judgment by Default, which have been supported by uncontested documentary evidence, we find Plaintiff is entitled to Judgment by Default under Rule 55 (b)(2) of the Federal Rules of Civil Procedure, and accordingly the following legal and factual determinations rendered.

**B.     The Facts**

Santiago-Berrios is a physician licensed to practice medicine in Puerto Rico, and the sole owner of Comerio Ambulance Services. Santiago-Berrios, doing business as (d/b/a) Comerio Ambulance Services, was an ambulance service provider registered with Medicare as a participating provider, with offices in Bayamón, Puerto Rico. From January 2000 to April 23, 2001, Santiago-Berrios, presented, or caused to be presented claims for ambulance services, or made or caused to be made statements to get claims for ambulance services paid or approved, to Medicare Part B carrier, Triples S, Inc.

Medical costs covered under Medicare Part B include "ambulance service where the use of other methods of transportation is contraindicated by the individual's condition, but only to the extent provided in regulations." 42 U.S.C. §1395x(s)(7). According to the Medicare regulations (42 C.F.R. §410.40) the ambulance service supplier must meet the applicable vehicle, staff, and billing and reporting requirements of 42 C.F.R. § 410.41, and the services must meet the medical necessity and origin and

destination requirements established therein. For Medicare billing purposes, "[a] vehicle used as an ambulance **must...comply with all State and local laws** governing an emergency transportation vehicle," and must "[b]e equipped with emergency warning lights and sirens...telecommunications equipment...stretchers, linens, emergency medical supplies, oxygen equipment, and other lifesaving emergency medical equipment as **required by State or local laws**." 42 C.F.R. §410.41 (a).(Emphasis added). In addition, Medicare Part B billing requirements provide that ambulance suppliers must complete and return to the Medicare carrier, "documentation of compliance with emergency vehicle and staff licensure and **certification requirements in accordance with State and local laws** (hereinafter "Documentation of Compliance")." 42 C.F.R. §410.41(c)2.) (Emphasis added.)

Ambulance service in Puerto Rico is a service involving the public interest, and therefore the Public Service Commission of the Commonwealth of Puerto Rico ("Public Service Commission") regulates such services. 27 L.P.R.A. §2101. No natural or juridical person may establish and operate an ambulance service in Puerto Rico without having an authorization or a license issued by the Public Service Commission, upon previous endorsement by the Secretary of Health of Puerto Rico, pursuant to the provisions of 27 L.P.R.A. §2101 et seq. and of the regulations prescribed thereunder.

Reimbursement for Medicare claims is made by the United States through the Centers for Medicare and Medicaid Services (hereinafter "CMS").  CMS, in turn, assigns the task of paying Part B claims from the Medicare Trust Fund to private insurance carriers ("carriers") under 42 U.S.C. §1395u.  The Health and Human Services (hereinafter "HHS"), through CMS, administers the Medicare Part B Program in Puerto Rico through Triple S. Ambulance suppliers bill Triple S for services rendered to Medicare beneficiaries in Puerto Rico by electronically submitting a Health Insurance Claim Form ("Medicare Claim Form").  This claim document was formerly identified as

(paper) Form HCFA 1500. This form HCFA 1500 includes the following express warnings:

> NOTICE: Any person who knowingly files a statement of claim containing any misrepresentation or any false, incomplete or misleading information may be guilty of a criminal act punishable under law and may be subject to civil penalties.

and:

> NOTICE: Any one who misrepresents or falsifies essential information to receive payment from Federal funds requested by this form may upon conviction be subject to fine and imprisonment under applicable Federal laws.

On March 11, 2004, Santiago-Berrios was charged by a Grand Jury in a two count indictment for health care fraud and obstruction of a federal audit, in Criminal Case No. 04-115(JAG). (Criminal Case No. 04-117, **Docket No. 1**) before this court. On February 8, 2005, Santiago-Berrios entered a guilty plea to the health care fraud count, that is, for violation of 18 U.S.C. §1347 (**Docket No. 40**). The plea agreement endorsed by Santiago-Berrios contains a statement in which Santiago-Berrios admits that from January 2000 to April 23, 2001, he executed a scheme and artifice to defraud the MEDICARE program by causing Comerio Ambulance to knowingly present or cause to be presented claims that were false because, rather than using a vehicle that was authorized and licensed to operate as an ambulance, Comerio Ambulance provided the claimed service with twenty (20) unauthorized ambulances and various private vehicles (such as a Ford Explorer Sports Utility Vehicle, a Chevrolet Astro Van Sport Utility Vehicle, and a Chevrolet Celebrity sedan), none of which had the requisite authorization or a license issued by the Public Service Commission to operate as an ambulance (Docket No. 26, Exhibit A).

The false claims presented or caused to be presented to Medicare by Santiago-Berrios on behalf of Comerio Ambulance during the above mentioned period totaled $919,203.99. During this period a total of 10,725 claims were submitted for services provided by non certified vehicles (**Docket No. 26**, Exhibit B).

Santiago-Berrios' guilty plea was accepted by the court on March 4, 2005 and on May 20, 2005 Santiago-Berrios was sentenced. (Docket Criminal Case No. 04-115; Entries Nos. 40 and 48.)

**C.  The False Claims Act**

Plaintiff contends that Judgment by Default should be entered in its favor under the False Claims Act (31 U.S.C. §3729 et seq.) The False Claims Act establishes seven acts, each of which constitutes a basis for liability. 31 U.S.C. §3729(a). The most common provisions impose liability on any person who:

> (1) knowingly presents, or causes to be presented to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;
>
> (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;
>
> (3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid;
>
> (4) knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government

31 U.S.C.§3729(a)

In addition, the False Claims Act, specifically 31 U.S.C. §3729(b), provides that:

> For the purpose of this section, the term "knowing" and "knowingly" means that a person, with respect to information
>
> (1) had actual knowledge of the information;
>
> (2) acts in deliberate ignorance of the truth or falsity of

>     the information; or
>
>         (3) acts in reckless disregard of the truth or falsity of the information,
>
>     **and no proof of specific intent to defraud is required**.(Emphasis added)

The case law construing 31 U.S.C. §3729(b) affirms the clear language of the statute and the intentions of Congress that "no proof of specific intent to defraud is required". U.S. v. Cabrera-Díaz, 106 F. Supp. 2d 234, 239 (D.P.R. 2000).

**1. Damages**

The False Claims Act provides that any person who violates its provisions is liable to the United States for "a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person." 31 U.S.C. §3729(a). Persons violating the Act are also liable for the cost of litigation. Id. See also *U.S. v. Cabrera-Díaz, supra*.

There is no set formula for measuring damages under the False Claims Act. Damages have been measured in a variety of ways and the measure applied by the courts in specific cases has been greatly influenced by the nature of the fraud and the type of Government transaction affected by it.

In United States ex rel. Marcus v. Hess, 317 U.S. 537 (1943), the Supreme Court established a simple rule to determine damages under the Act; by pointing to the amount the Government would not have paid had it known the true facts. The Supreme Court in Hess also stated the purpose of the statute was to "afford the government complete indemnity for the injuries done it," and to make the Government "completely whole." 317 U.S. at 549, 552.

In the case at bar the United States paid claims for ambulance services that were provided by means of vehicles that were not properly equipped and much less authorized to operate as an ambulance, namely with twenty (20) unauthorized

ambulances and various private vehicles (such as a Ford Explorer Sports Utility Vehicle, a Chevrolet Astro Van Sport Utility Vehicle, and a Chevrolet Celebrity sedan), none of which had the requisite authorization or license issued by the Public Service Commission to operate as an ambulance. This constituted a clear violation to Medicare regulations that require that the vehicles used as ambulances **must...comply with all State and local laws** governing an emergency transportation vehicle," and must "[b]e equipped with emergency warning lights and sirens...telecommunications equipment...stretchers, linens, emergency medical supplies, oxygen equipment, and other lifesaving emergency medical equipment as **required by State or local laws**.". In this case claims amounting to $919,203.99 were paid for services provided with unauthorized/unlicenced ambulance and even private vehicles (such as a Ford Explorer Sports Utility Vehicle, a Chevrolet Astro Van Sport Utility Vehicle, and a Chevrolet Celebrity sedan). The Government would not have paid these claims had it known the true facts.

Since the False Claims Act provides for treble damages, the Government's actual (or single) damages should be multiplied by three before deducting any payments which may have been made, United States v. Bornstein, 423 U.S. 303, 314-17 (1976). Computing damages by this method "most faithfully conforms to the language and purpose of the Act" to make the Government whole. 423 U.S. at 314. First, it compensates the government for the cost, delays, and inconveniences occasioned by fraudulent claims. Second, it fixes liability on the defrauder without reference to the adventitious acts of others. Third, the alternative would enable wrongdoers to escape the consequences of his fraud by tendering single damages at any time before judgment, and render the multiple damages provision meaningless. 423 U.S. at 317, cited in U.S. v Cabrera-Diaz, supra, at 241.

The False Claims Act provides that a person who commits any of the acts specified in 31 U.S.C. §3729 (a) (1) - (7) is liable for a "civil penalty of not less than $5,000 and not more than $10,000.". The "United States is entitled to recover [civil penalties] solely upon proof that false claims were made, without proof of any damages." S. Rep. No. 345, 99th Cong., 2d Sess. 8 (1986). The legislative history of the 1986 amendments makes clear that civil penalties are "automatic and mandatory for each claim which is false." S. Rep. No. 345, 99th Cong., 2d Sess. 8 (1986). Thus, up to a certain point, the number of civil penalties, or whether to even assess civil penalties, is not discretionary. "This forfeiture provision is mandatory; it leaves the trial court without discretion to alter the statutory amount." United States v. Hughes, 585 F.2d 284, 286 (7th Cir. 1978). The point at which a court may gain some discretion and limit the number of penalties is when the penalties are deemed "excessive". See United States v. Halper, 490 U.S. 435 (1989).

In this case the Center for Medicare and Medicaid Services (CMS) has certified that an analysis of the incident sheets provided by Comerio Ambulance, in which they identified the vehicles used to transport the Medicare beneficiaries during the period from January 2000 to April 30, 2001, resulted in the determination that 10,725 services had been provided in non certified vehicles. Each one of these services constitutes a "claim" within the meaning of the statute and therefore Santiago-Berrios would be exposed to civil penalties ranging between $53,625,000 to $107,250,000, in addition to the treble damages allowed under 31 U.S.C. §3729(a).

The Court of Appeals for the 9th Circuit, in United States v. Mackby, 261 F 3rd 821, 830 (9th Cir. 2001) concluded that civil sanctions provided by the False Claims Act were subject to analysis under the Excessive Fines Clause. Said case was remanded to the District Court for an inquiry to determine whether the payment of treble damages plus civil penalties, was "grossly disproportionate to the gravity of Mackby's violation as to

violate the Eight Amendment".

We hold that imposing civil penalties in this particular case, in addition to the treble damages amount, is disproportionate to the gravity of defendants violations and violate the Eight Amendment.

According to Mackay, 261 F 3rd 821, one of the factors the District Court shall consider in imposing civil penalties is if it serves "to achieve the desired deterrence". This court believes that, in this particular case, the imposition of treble damages alone serves to achieve the desire deterrence. Thus, under 31 U.S.C. § 3729(a) damages amount to $2,757,611.97 ($919,203.99 x 3)

**2. Costs**

In addition to treble damages and civil penalties, a person violating § 3729 "shall also be liable to the United States Government for the costs of a civil action brought to recover any such penalty or damages". 31 U.S.C. §3729(a). See U.S. v. Cabrera-Díaz, 106 F. Supp. 2d at 242. The United States has submitted evidence consisting of a Time Accounting Report (**Docket No. 26**, Exhibit C) issued by the Office of the Inspector General of the Department of Health and Human Services, showing that in this investigation they have spent $60,140.55 in manpower alone.

The False Claims Act provides that:

> (b) A civil action under § 3730 may not be brought
>
> (1) more than 6 years after the date on which the violations of section 3726 is committed, or
>
> (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,
>
> whichever occurs last.

31 U.S.C. §3731.

The present action include only Medicare claims submitted by Angel M. Santiago-Berrios on behalf of Comerio Ambulance in the period between January 2000 through April 23, 2001. This civil action was filed on April 1, 2004, and therefore is within the six year statute of limitations.

Accordingly, under § 3729 the United States is entitled to payment of costs incurred in the amount of $60,140.55.

**D.     Judgment by Default**

Rule 55(b)(2) of the Federal Rules of Civil Procedure allows the Court to enter judgment by default against any party who is in default and has failed to plead or otherwise defend as provided by said rules.

In a similar case, this Court held that Rule 55 did not require that testimony be presented as a prerequisite to entry of default judgment. See United States v Cabrera-Díaz, supra, at 243. Considering that the government has submitted clear evidence that remain unrebutted, entry of judgment by default is warranted.

**E.     Conclusion**

A review of the record and applicable case law reveals that defendant Santiago-Berrios, d/b/a Comercio Ambulance Service was operating without proper licensing, vehicles that where purportedly used to provide "ambulance services" and has knowingly presented or caused to be presented false claims to the United States; and/or caused to be made or used false statements in support of fraudulent claims geared to obtain payment, from federal funds, for services that were not rendered or properly rendered pursuant to law.

WHEREFORE, in view of the foregoing, it is **RECOMMENDED** that plaintiff's Motion for Entry of Judgment by Default against co-defendant Santiago-Berrios be **GRANTED**. Judgment shall be entered in its favor and against co-defendant Santiago-Berrios for treble (three times) damages sustained by the United States in the amount of

Civil No. 04-1280(SEC) Page No. 11

$919,203.99, which totals an aggregate amount of $2,757,611.97, plus the investigation costs in which the United States has incurred in the amount of $60,140.55. It is further **RECOMMENDED** that Civil penalties be not imposed or assessed and that judgment be entered accordingly.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of notice. Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980). The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge. *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**SO RECOMMENDED.**

At San Juan, Puerto Rico, on this 31st day of May, 2005.

S/**AIDA M. DELGADO-COLON**
**U.S. Magistrate-Judge**