**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| Plaintiff | * | |
| v. | * | **Civil No. 04-1280(SEC)** |
| COMERIO AMBULANCE SERVICES, et al. | * | |
| Defendants | * | |

**OPINION AND ORDER**

On April 21, 2005 the Court referred this case to Magistrate Judge Aida Delgado-Colón (Docket # 22). Then, on May 20, 2005 the Court entered default against Co-defendant Angel M. Berríos-Santiago (Docket # 32). Plaintiff proceeded to filed a motion, and memorandum in support, requesting the entry of default judgment against Co-defendant Berríos-Santiago (Dockets ## 25 & 26, respectively). On June 1, 2005 Magistrate Delgado-Colón issued her report, recommending that Co-defendant Berríos-Santiago pay Plaintiff the aggregate amount of $2,757,611.97 for damages sustained, plus $60,140.55 for the cost of the investigation (Docket # 30). Magistrate Delgado-Colón further recommended that: (i) civil penalties not be imposed or assessed, and (ii) partial judgment be entered accordingly (Docket # 30). To date, the parties have not filed any objections to the Magistrate's report and the time allotted for doing so has expired. Therefore, the Court will **APPROVE** and **ADOPT** the Magistrate's Report and Recommendation as our own.

**Standard of Review**

Pursuant to 28 U.S.C. §§ 636(b)(1)(B), Fed. R. Civ. P. 72(b) and Local Rule 72(a) for the District of Puerto Rico, a District Court may refer motions to a United States Magistrate Judge for a Report and Recommendation. See Alamo Rodríguez v. Pfizer Pharmaceuticals, Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003). The adversely affected party can "contest the

**Civil No. 04-1280(SEC)** 2
_____

Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States of America v. Mercado-Pagán, 286 F. Supp. 2d 231, 233 (D.P.R. 2003) (quoting 28 U.S.C. § 636(b)(1)). Aside from being filed in a timely manner, objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objection." Local Rule 72(d).

The scope of review of a Magistrate's recommendation is set forth in 28 U.S.C. § 636(b)(1)(c). This section provides that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified findings or recommendations to which [an] objection is made." Id. The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections,"'the district court can assume that they have agreed to the magistrate's recommendation.'" Alamo-Rodríguez, 286 F. Supp. 2d at 146 (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)). Thus, no review is required of those issues to which objections are not timely raised. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987). In fact, a party who fails to file any objections to the Magistrate Judge's Report and Recommendation within ten days of its filing waives his or her right to appeal from the district court's order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia-Copete, 792 F.2d 4, 5 (1st Cir. 1986); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992) ("[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal").

**Analysis**

The parties have not objected to the Magistrate Judge's Report and Recommendation, thus we are not required by law to review it. However, upon review, we find no fault with

**Civil No. 04-1280(SEC)** 3
_____

Magistrate Judge Delgado-Colón's assessment and thus **APPROVE** and **ADOPT** her Report and Recommendation as our own. Accordingly, Partial Judgment will be entered as recommended.

    **SO ORDERED.**

    In San Juan, Puerto Rico, this 27th day of June, 2005.

                                      S/ *Salvador E. Casellas*
                                      SALVADOR E. CASELLAS
                                      United States District Judge